1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAMONT A. HOUZE II,

11           Plaintiff,                          No. CIV S-12-cv-01484 MCE KJN PS

12       vs.

13   STATE OF CALIFORNIA, et al.,

14           Defendants.                         ORDER

15   _____/

16           Plaintiff, proceeding in this action without counsel or "pro se," has requested

17   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  (Mot. to Proceed In Forma

18   Pauperis, Dkt. No. 4.)  Plaintiff has submitted an affidavit making the showing required by 28

19   U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis is granted.

20   I.      LEGAL STANDARDS

21           The determination that plaintiff may proceed in forma pauperis does not complete

22   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

23   at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

24   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

25   an immune defendant.

26   

---

[1]   This proceeding was referred to the undersigned pursuant to Eastern District Local
Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.

6    A complaint must contain more than a "formulaic recitation of the elements of a

7    cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

9    contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

10   legally cognizable right of action."  Id.  "[A] complaint must contain sufficient factual matter,

11   accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

12   U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when

13   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

14   defendant is liable for the misconduct alleged."  Id.

15   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

16   520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it

17   is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in

18   forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.

19   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

20   II.   DISCUSSION

21        1.   Screening Plaintiff's Complaint

22   Plaintiff's claims are alleged as against several defendants: the State of California,

23   the County of Sacramento District Attorney Office, the Sacramento Superior Court, the

24   Sacramento Department of Child Support, the Sacramento Sheriff Department, and the

25   Sacramento Police Department.  (Compl. at 1.)

26   ////

1    In this case, plaintiff seeks damages for several allegedly wrongful sentences of

2   confinement imposed by the Sacramento County Superior Court in 2005, 2006, and 2007.  (See

3   generally Compl., Dkt. No. 1.)  The first sentence allegedly arose in connection with plaintiff's

4   "riding on the Sacramento light rail system without payment of fare."  (Compl., Dkt. No. 1 at 2-

5   3, 5.)  Plaintiff alleges that his sentence for riding the light rail without paying went beyond the

6   sentence allowed for the crime charged, which resulted in deprivation of his due process rights

7   under the Fourteenth Amendment.  (Id. at 2-3, 5-6.)  Plaintiff also alleges he was improperly

8   imprisoned after being held in contempt of court in a "child support matter."  (Id. at 4.)

9   Similarly, plaintiff alleges that he was improperly arrested and imprisoned for multiple violations

10  of a "false restraining order."  (Id. at 6-8.)  Plaintiff alleges a broad conspiracy to violate his

11  constitutional rights pursuant to 42 U.S.C. § 1985 with respect to each of the above-described

12  imprisonments.  (Id. at 5-6.)  Plaintiff seeks damages in the amount of $100 million.  (Id. at 12.)

13                        A.      Eleventh Amendment Immunity

14       Because of the immunity from suit provided by the Eleventh Amendment to the

15  United States Constitution, plaintiff's claims for damages from the State of California are barred.

16  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by

17  its own citizens or citizens of other states.  Brooks v. Sulphur Springs Valley Elec. Coop., 951

18  F.2d 1050, 1053 (9th Cir. 1991).  The Eleventh Amendment also "bars suits for money damages

19  in federal court against a state, its agencies, and state officials acting in their official capacities."

20  Alolelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1146 (9th Cir. 2007); accord Flint v. Dennison,

21  488 F.3d 816, 824-25 (9th Cir. 2007); Simmons v. Sacramento Cnty. Superior Court, 318 F.3d

22  1156, 1161 (9th Cir. 2003) (holding that damages claims alleged against the Superior Court and

23  its employees barred by Eleventh Amendment immunity); see also Hafer v. Melo, 502 U.S. 21,

24  25 (1991) ("Although state officials literally are persons, an official-capacity suit against a state

25  officer is not a suit against the official but rather is a suit against the official's office.  As such it

26  ////

1    is no different from a suit against the State itself." (citation and quotation marks omitted).).[2]

2    　　　　Here, plaintiff's "civil rights" claims against the State of California are barred by

3    the Eleventh Amendment.  The Ninth Circuit Court of Appeals has recognized that "[t]he State

4    of California has not waived its Eleventh Amendment immunity with respect to claims brought

5    under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to

6    abrogate a State's Eleventh Amendment immunity."  Dittman v. California, 191 F.3d 1020,

7    1025-26 (9th Cir. 1999) (citations and quotation marks omitted).  As a suit against the State of

8    California, plaintiff's constitutional claims against this defendant are barred by Eleventh

9    Amendment immunity.  Accordingly, plaintiff shall not include the State of California as a

10   named defendant within any amended pleading, and if he does, the undersigned will recommend

11   that such defendant be dismissed with prejudice.

12   　　　　　　B.　　Conclusory "Conspiracy" Allegations And Deficient Underlying Civil
                     Rights Allegations
13

14   　　　　Plaintiff also alleges a broad conspiracy among all defendants, including

15   municipalities such as the Sacramento Police Department.  Plaintiff alleges that various

16   defendants conspired to improperly imprison him.  To state a viable claim of "conspiracy" to

17   violate a plaintiff's constitutional rights under 42 U.S.C. § 1983, however, "the plaintiff must

18   state specific facts to support the existence of the claimed conspiracy."  Burns v. Cnty. of King,

19   883 F.2d 819, 821 (9th Cir. 1989) (citation omitted) (noting that plaintiff's pleading contained

20   only "conclusory allegations.")  "To establish liability for a conspiracy in a § 1983 case, a

21   _____

22   　　　[2] State officials sued in their individual capacities, as opposed to their official capacities
     do not enjoy Eleventh Amendment immunity from damages claims brought pursuant to 42
23   U.S.C. § 1983 in federal court.  Hafer, 502 U.S. at 30-31 ("[T]he Eleventh Amendment does not
     erect a barrier against suits to impose 'individual and personal liability' on state officials under §
24   1983" (citation omitted).); accord Suever v. Connell, 579 F.3d 1047, 1061 (9th Cir. 2009).
     Moreover, the Eleventh Amendment does not bar supplemental state law claims seeking damages
25   against a state official sued in his or her individual capacity.  Ashker v. Cal. Dep't of Corrections,
     112 F.3d 392, 394-95 (9th Cir. 1997) (citing Pena v. Gardner, 976 F.2d 469, 473-74 (9th Cir.
26   1992) (per curiam)).  However, plaintiff has not named any State of California officials in his
     lawsuit and has not alleged that any particular actions were taken by such officials.

1   plaintiff must 'demonstrate the existence of an agreement or meeting of the minds' to violate

2   constitutional rights.  [Citation.]  'Such an agreement need not be overt, and may be inferred on

3   the basis of circumstantial evidence such as the actions of the defendants.'"  Crowe v. Cnty. of

4   San Diego, 608 F. 3d 406, 440 (9th Cir. 2010) (internal citations omitted).  Conclusory

5   allegations of a conspiracy do not satisfactorily allege a section 1983 claim.  E.g., Simmons v.

6   Sacramento Cnty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (affirming dismissal of

7   plaintiff's second amended complaint as a result of plaintiff's "conclusory allegations" of a

8   conspiracy to deprive him of his constitutional rights in violation of Section 1983).

9          Further, a plaintiff cannot state a conspiracy claim under 42 U.S.C. § 1985 in the

10  absence of a claim for deprivation of rights under 42 U.S.C. § 1983, and plaintiff has not clearly

11  alleged such a claim here.  See Caldeira v. Cnty. of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989)

12  (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985

13  conspiracy claim predicated on the same allegations"), cert. denied, 493 U.S. 817 (1989); see

14  also Goethe v. California, No. 2:07-cv-01945-MCE-GGH, 2008 WL 3863601, at *5 (E.D. Cal.

15  Aug. 19, 2008) (concluding that Section 1985 claim failed because sovereign immunity barred

16  plaintiff's Section 1983 claim); Vaughn v. Regents of Univ. of Cal., 504 F. Supp. 1349, 1352

17  (E.D. Cal. 1981) (concluding that plaintiff's damages claims for past wrongful conduct brought

18  pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 were barred by Eleventh Amendment

19  immunity).

20         The Ninth Circuit Court of Appeals has held that in order to establish municipal

21  liability under Section 1983, "the plaintiff must establish: (1) that he [or she] possessed a

22  constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3)

23  that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4)

24  that the policy was the moving force behind the constitutional violation."  Miranda v. City of

25  Cornelius, 429 F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification

26  in original); see also Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("To establish

5

1    [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and

2    that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the

3    constitutional right and was the 'moving force' behind the constitutional violation.") (citing Van

4    Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996), cert. denied, 519 U.S. 1111 (1997)).

5    With respect to the last element, "[t]here must be a direct causal link between a municipal policy

6    or custom and the alleged constitutional deprivation."  Villegas v. Gilroy Garlic Festival Ass'n,

7    541 F.3d 950, 957 (9th Cir. 2008) (en banc) (citation and quotation marks omitted).

8              Here, plaintiff has alleged that he was arrested in connection with a "false"

9    restraining order,  and improperly confined for a period longer than the period permitted for the

10   crime he was charged with, and improperly held in contempt and imprisoned in connection with

11   a civil or family law matter.  However, plaintiff has not clearly or plausibly alleged that any of

12   these detentions and arrests were the result of a policy or custom and has not clearly or plausibly

13   alleged facts indicating a meeting of the minds between defendants with a collective goal of

14   violating plaintiff's rights.  Accordingly, plaintiff has not clearly or plausibly alleged a claim

15   under 42 U.S.C. § 1983, and has only conclusorily alleged a "conspiracy" under 42 U.S.C. §

16   1983.  Plaintiff's "conspiracy" and § 1983 claims are dismissed, but such dismissal is without

17   prejudice, and plaintiff may file an amended pleading to correct the deficiencies described herein.

18              C.      Invalidity Of Convictions Or Sentences

19              Several sentences of confinement form the bases of this action, and plaintiff has

20   not shown that those sentences have been invalidated.  In Heck v. Humphrey, 512 U.S. 477

21   (1994), the United States Supreme Court held that a suit for damages on a civil rights claim

22   concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained

23   absent proof  "that the conviction or sentence has been reversed on direct appeal, expunged by

24   executive order, declared invalid by a state tribunal authorized to make such determination, or

25   ////

26   ////

1   called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[3]

2   <u>Heck</u>, 512 U.S. at 486.  Thus, "[i]f 'a judgment in favor of the plaintiff would necessarily imply

3   the invalidity of his conviction or sentence,' then 'the complaint *must be dismissed* unless the

4   plaintiff can demonstrate that the conviction or sentence has already been invalidated.'"

5   <u>Whitaker v. Garcetti</u>, 486 F.3d 572, 583 (9th Cir. 2007) (quoting <u>Heck</u>, 512 U.S. at 487)

6   (emphasis added).[4]

7           The undersigned finds that plaintiff's action directly implicates the validity of

8   several of plaintiff's sentences.  However, plaintiff has not met the pleading requirements

9   presented in <u>Heck</u>.  Accordingly, plaintiff fails to state a claim on which relief may be granted,

10   and plaintiff's complaint is dismissed without prejudice.  In any amended complaint, plaintiff

11   must show that his sentences have been invalidated in order to proceed with this action.

12           D.    <u>Amended Pleading</u>

13           Plaintiff is informed that the court cannot refer to a prior pleading in order to

14   make plaintiff's amended complaint complete.  Eastern District Local Rule 220 requires that an

15

16     [3]  In <u>Heck</u>, the Supreme Court held:

17              [I]n order to recover damages for allegedly unconstitutional conviction or
18              imprisonment, or for other harm caused by actions whose unlawfulness
               would render a conviction or sentence invalid, a § 1983 plaintiff must
19              prove that the conviction or sentence has been reversed on direct appeal,
               expunged by executive order, declared invalid by a state tribunal
20              authorized to make such determination, or called into question by a federal
               court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for
21              damages bearing that relationship to a conviction or sentence that has *not*
               been so invalidated is not cognizable under § 1983.

22   <u>Heck</u>, 512 U.S. at 486-87 (footnote omitted).

23     [4]  The court in <u>Whitaker</u> also clarified that <u>Heck</u> applies to Section 1983 arising from
   allegedly improper searches and seizures under the Fourth Amendment.  <u>Id.</u> at 583-84 (". . . a §
24   1983 action alleging illegal search and seizure of evidence upon which criminal charges are
   based does not accrue until the criminal charges have been dismissed or the conviction has been
25   overturned. Such a holding will avoid the potential for inconsistent determinations on the legality
   of a search and seizure in the civil and criminal cases . . .") (quoting <u>Harvey v. Waldron</u>, 210
26   F.3d 1008, 1015 (9th Cir. 2000)).

amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is informed that he is obligated to comply with court orders and the rules of litigation procedure, notwithstanding his status as a pro se litigant.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil

Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiff's failure to file an amended pleading by the deadline stated below will result in a recommendation that this action be dismissed.

      2. Plaintiff's "Motion For Ruling" At Docket Number 10

    Plaintiff filed a so-called "Motion For Ruling" on October 26, 2012 (Dkt. No. 10), in which plaintiff requested that the court issue an order acting on plaintiff's pending Motion to Proceed In Forma Pauperis, discussed above.  The court carefully considers the pleadings and record in this action and issues rulings in due course; multiple and duplicative filings do not expedite the process.  Further, the federal judiciary has procedures in place governing circumstances in which emergency action is necessary.  See Fed R. Civ. P. 65.  Other than requesting the court act on a pending matter, which is tacit in its pending nature, there is no indication as to why plaintiff felt compelled to submit such a request, especially given that the alleged convictions and confinements at issue in plaintiff's pleading occurred in approximately 2005, 2006, and 2007, and that plaintiff apparently did not file this action until 2012.  In any event, given that this order addresses plaintiff's Motion to Proceed In Forma Pauperis, plaintiff's "Motion For Ruling" (Dkt. No. 10) is denied as moot.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 4) is granted.

    2. Plaintiff's complaint (Dkt. No. 1)  is dismissed with leave to amend.

    3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint curing the deficiencies outlined in this order.  The amended complaint shall bear the docket number assigned to this case and shall be labeled "First Amended Complaint." Plaintiff must file an original and two copies of any amended complaint.  Due to the State's

Eleventh Amendment immunity, plaintiff shall not include the State of California as a named defendant within any amended pleading, and if he does, the undersigned will recommend that such defendant be dismissed with prejudice.

4. ***Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.***

5. Plaintiff's "Motion For Ruling" (Dkt. No. 10) is denied as moot.

IT IS SO ORDERED.

DATED:  November 8, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE