IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT A. HOUZE II,

       Plaintiff,                    No. 2:12-cv-01484 MCE KJN PS

    vs.

STATE OF CALIFORNIA, et al.,

       Defendants.               FINDINGS AND RECOMMENDATIONS

                            /

       Plaintiff is proceeding in this action, without counsel and in forma pauperis, pursuant to 28 U.S.C. § 1915.[1] (Order, Dkt. No. 11.) On November 9, 2012, the undersigned screened plaintiff's pleading pursuant to 28 U.S.C. § 1915(e)(2) and dismissed the pleading with leave to amend. (Order, Dkt. No. 11 (dismissing claims arising from state court convictions and sentences based upon, among other authorities, Heck v. Humphrey, 512 U.S. 477, 489-90 & n.10 (1994)).) On December 10, 2012, plaintiff filed a document styled as a "Notice of Action" (hereinafter the "First Amended Complaint"). (First Am. Compl., Dkt. No. 12.) For the reasons stated below, the undersigned recommends that this case be dismissed with prejudice.

////

////

---

[1] This proceeding was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

I.       LEGAL STANDARDS

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

////

## II. DISCUSSION

### 1. Allegations In Plaintiff's First Amended Complaint

Plaintiff's claims are alleged as against several defendants: the State of California, the County of Sacramento District Attorney Office, the Sacramento Superior Court, the Sacramento Department of Child Support, the Sacramento Sheriff Department, and the Sacramento Police Department.[2]  (First Am. Compl. at 1.)

As to form, plaintiff's amended pleading is written in all capital letters, making it difficult to read.  (See generally, First Am. Compl.)  As to content, the pleading is verbose and convoluted, making it even more difficult to read.  In any event, the allegations in the First Amended Complaint are substantially similar to those in plaintiff's prior pleading.  (Compare Compl., Dkt. No. 1, with First Am. Compl.)

Plaintiff alleges that a Sacramento Superior Court judge modified a restraining order against plaintiff that was issued by another Sacramento Superior Court judge.  (First Am. Compl. at 4.)  Plaintiff alleges that this somehow violated his due process rights and reveals a conspiracy against him.  (Id. at 5.)  Plaintiff alleges that he was arrested for violating the modified restraining order, sentenced, confined, and then placed on probation.  (Id. at 5-6.)  Plaintiff alleges that the probation is impermissible given that he has served the maximum term of confinement allowed.  (Id. at 6.)  Plaintiff repeatedly alleges that he was "tried and convicted" for violating the modified restraining order, then placed on probation, and that both the charge and the probation were wrongful given that they arose from the improperly-modified restraining order.  (Id. at 7.)  Plaintiff alleges that the superior court acted in excess of its jurisdiction in "sentencing" plaintiff in connection with the modified restraining order.  (Id. at 8.)  Plaintiff claims that his arrest, sentencing, confinement, and probation in connection with the modified

---

[2] Although the undersigned's prior order informed plaintiff that his damages claims against the State of California were barred by the Eleventh Amendment, plaintiff continues to allege those claims.  (Order, Dkt. No. 11 at 3-4.)

restraining order reveals a conspiracy between the Sacramento Superior Court, the State of California, the California Highway Patrol, and Sacramento District Attorneys, among others. (Id. at 17.) Plaintiff alleges that his "arrest," his "conviction and jail sentence," and his "three years formal probation," amount to violations of his civil rights. (Id.)

Plaintiff's amended pleading also includes a second set of allegations arising from his arrest and confinement in connection with the "civil" matter of failing to pay child support. (Id. at 9-11.) Plaintiff claims that, in connection with a "civil confinement charge of child support," he was improperly confined and placed in solitary confinement. (Id. at 9.)

2. <u>Plaintiff Fails To Adequately Plead A Claim For Conspiracy To Violate His Rights</u>

Plaintiff urges that his conspiracy claim should be construed as alleged pursuant to 42 U.S.C. § 1985 (conspiracy to interfere with civil rights) rather than 42 U.S.C. § 1983 (deprivation of civil rights). (First Am. Compl. at 3.) As the undersigned's prior order informed plaintiff, however, a plaintiff cannot state a conspiracy claim under 42 U.S.C. § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. See Caldeira v. Cnty. of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), cert. denied, 493 U.S. 817 (1989); see also Goethe v. California, No. 2:07-cv-01945-MCE-GGH, 2008 WL 3863601, at *5 (E.D. Cal. Aug. 19, 2008) (concluding that Section 1985 claim failed because sovereign immunity barred plaintiff's Section 1983 claim). Further, plaintiff "never alleges invidiously discriminatory, racial or class-based animus, which is necessary to state a claim under section 1985(3)." See Caldeira, 866 F.2d at 1182.

Accordingly, as with his original pleading, plaintiff again fails to adequately allege facts supporting the existence of a conspiracy to arrest, try, sentence, and confine plaintiff in violation of his rights. (Order, Dkt. No. 11 at 4-6.) The undersigned recommends dismissal of plaintiff's conspiracy claim for the reasons stated, and the authorities cited, within the

undersigned's prior order, which is incorporated herein by reference. (Id.)

        3.      Plaintiff Fails To Demonstrate Invalidity Of Convictions Or Sentences

Just as in plaintiff's original pleading, several sentences of confinement form the basis of this action, and plaintiff has still not shown that those sentences have been invalidated in accordance with Heck. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Thus, "[i]f 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' then 'the complaint *must be dismissed* unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" Whitaker v. Garcetti, 486 F.3d 572, 583 (9th Cir. 2007) (quoting Heck, 512 U.S. at 487) (emphasis added).

The facts of this particular case are similar to those in Guerrero, where the plaintiff never challenged his convictions prior to filing his federal action, which was nearly three years after the conduct giving rise to his lawsuit and nearly one year after he had been released from prison. See Guerrero v. Gates, 442 F.3d 697, 702-05 (9th Cir. 2006). The Court of Appeals held that "the fact that [plaintiff] is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift Heck's bar." Id. at 704. Here, plaintiff's amended pleading does not state when plaintiff was released from custody, but plaintiff alleges that he is currently on probation.[3] However, despite having received the opportunity to amend his pleading to specifically address the requirements stated in Heck, plaintiff has not amended his pleading to include allegations suggesting that he ever sought or

---

[3] (E.g., First Am. Compl. at 6-7 (alleging arrests and confinements in 2006 and 2007, and a three year period of probation beginning in 2007).)

5

1  obtained habeas (or other appellate relief) in connection with the state court convictions and
2  sentences his pleading describes. See id. at 704-05 (holding that Heck barred the plaintiff's
3  Section 1983 claims for conspiracy and wrongful arrest arising from his underlying conviction).
4  As in Guerrero, then, plaintiff's claims are barred as an impermissible challenge to his
5  convictions and sentences because he has not invalidated his convictions and sentences on direct
6  appeal or by grant of a writ of habeas corpus. See id.

7  Finally, contrary to plaintiff's unsupported assertion that Heck does not "limit"
8  conspiracy claims (First Am. Compl. at 3), the Ninth Circuit Court of Appeals recently held that
9  a conspiracy claim is subject to Heck's bar where the "heart" of such claim amounts to "an effort
10 to attack the integrity of the investigation and trial" underlying the conviction at issue. See, e.g.,
11 Cooper v. Ramos, No. 11–57144, 2012 WL 6700297, at *11 (9th Cir. Dec. 27, 2012) (holding
12 that Heck barred the plaintiff's Section 1983 conspiracy claims because "[s]uccessfully litigating
13 [plaintiff's] claims of an evidence tampering conspiracy would necessarily implicate the validity
14 of his state criminal conviction. These claims are not cognizable unless [plaintiff's] conviction is
15 vacated, overturned, or invalidated.").

16 In sum, as with plaintiff's original pleading, the undersigned finds that plaintiff's
17 amended pleading still directly implicates the validity of plaintiff's convictions for violation of
18 the "modified" restraining order and failure(s) to pay child support, and the resulting periods of
19 confinement and probation. Again, plaintiff has not met the pleading requirements presented in
20 Heck. Accordingly, the undersigned recommends that plaintiff's action be dismissed, this time
21 with prejudice.

22 III.   CONCLUSION

23 Plaintiff has already had the opportunity to amend his pleading and did not correct
24 the defects identified in the undersigned's prior order. Indeed, plaintiff purposefully declined to
25 comply with the terms of that order. (First Am. Compl. at 2-3 (stating that plaintiff's amended
26 pleading continues to name the State of California as a defendant despite the court's order

explaining application of Eleventh Amendment immunity).)  Accordingly, further opportunities to amend would be futile, and the undersigned recommends that plaintiff's case be dismissed with prejudice.  See Lacey v. Maricopa Cnty., 693 F.3d 896, 926 (9th Cir. 2012) (explaining that, in dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quoting Doe v. U.S., 58 F.3d 494, 497 (9th Cir. 1995)).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's case be dismissed with prejudice.

2. The Clerk of the Court be directed to close this case and vacate all future dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: January 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE